CRAIG R. KAUFMAN (SBN 159458)
　ckaufman@ftklaw.com
JASON S. ANGELL (SBN 221607)
　jangell@ftklaw.com
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:　(650) 593-6300
Facsimile:　(650) 593-6301

Attorneys for Plaintiff
Mortgage Grader, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTGAGE GRADER, INC.<br><br>　　　Plaintiff,<br><br>　v.<br><br>COSTCO WHOLESALE CORPORATION; FIRST CHOICE LOAN SERVICES, INC.; AND NYLX, INC.<br><br>　　　Defendants. | Case No. 8:13-cv-00043-AG-AN<br><br>**MORTGAGE GRADER'S RESPONSIVE CLAIM CONSTRUCTION BRIEF** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................... 1

II. CONSTRUCTION OF DISPUTED TERMS .................................................. 1

    A. "Credit Grading" ('694 Patent Claims 1 and 19; '728 Patent Claim 6) ............................................................................................. 1

        1. The '694 Patent .................................................................... 2

        2. The '728 Patent .................................................................... 4

    B. The Remaining Limitations ............................................................. 5

        1. "None of the received personal information of the borrower is released to any of the lenders without specific authorization from the borrower" ('728 Patent, Asserted Claim 6) ............................................................................. 6

        2. "Loan Packages" ('694 Patent, Claims 1 and 19) ..................... 7

        3. "Guaranteed closing cost information/guaranteed closing cost information for closing services not provided by the lender" ('694 Patent, Claim 19) ................................................ 8

        4. "Anonymous" ('694 and '728 Patents) ..................................... 8

III. CONCLUSION ..................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Grober v. Mako Prods., Inc.*,
    686 F.3d 1335 (Fed. Cir. 2012) .................................................................. 4, 5, 6

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) ......................................................................... 6

*SanDisk Corp. v. Memorex Prods., Inc.*,
    415 F.3d 1278 (Fed. Cir. 2005) ..................................................................... 3, 7

*Thorner v. Sony Computer Entm't Am. LLC*,
    699 F.3d 1362 (Fed. Cir. 2012) ......................................................................... 9

## I. INTRODUCTION.

The primary issue raised in Defendants' opening brief is the meaning of the term "credit grading," which is found in all asserted claims. For "credit grading," Defendants' proposed constructions read in a mish-mash of other limitations from the claims and prosecution history that are unwarranted, and should be rejected.

Beyond that, Defendants contend that "little or no claim construction is necessary" in this case. Dkt. 41 at 9. Mortgage Grader agrees that many of the remaining terms do not need construction. However, despite contending that there is nothing to construe in these terms, Defendants proceed to provide long detailed constructions for each of them. These lengthy constructions are:

- not the plain meaning of the words in the claim term;
- not redefined by the intrinsic record; and
- not supported by any explanation by Defendants.

To the extent that no construction is appropriate – no construction is appropriate – and the Court should reject Defendants' constructions for these terms.

Pursuant to the Court's Standing Patent Rule 3.5, a printout of Mortgage Grader's slide deck for the claim construction hearing is filed herewith as Exhibit A. During the claim construction hearing, Mortgage Grader may also use the highlighted portions of the patents and file histories lodged with the Court today.

## II. CONSTRUCTION OF DISPUTED TERMS.

### A. "Credit Grading" ('694 Patent Claims 1 and 19; '728 Patent Claim 6).

As Mortgage Grader explained in its opening brief, the term "credit grading" should be given the same construction in both the '694 patent and the '728 patent. While recognizing this general principle, Defendants argue that this term should be given different meanings because of distinctions made during the prosecution of these patents. Not so. The prosecution histories of the patents-in-suit do not

1  redefine the term "credit grading" and thus, do not justify treating adopting
2  different constructions for this term.

### 1. The '694 Patent.

4  To support their construction, Defendants first rely on a number of citations
5  from the specification. Dkt. 41 at 10-12. These citations are said to support the
6  idea that the term should be limited to a credit grade generated from lender
7  underwriting criteria. *Id.*

8  These specification citations do not support such a narrow construction or
9  limit the credit grading only to those using the underwriting criteria of a specific
10 lender. To the contrary, the cited passages reflect flexibility in selecting the criteria
11 used to determine the credit grading, and do not require that the grading be limited
12 to the use of lender underwriting criteria. *See, e.g.,* Dkt. 41 at 11, *citing* '694 Patent
13 col. 4:34-5:14, quote found at 4:38-41 ("**One or more**, and preferably all, of the
14 credit history, *credit score(s)*, equity, down payment, income, assets, job history
15 and stability could be considered.") (bold emphasis added by Mortgage Grader;
16 italics emphasis added by Defendants); col. 7:64-8:16, quote found at 7:67-8:11
17 ("The credit grading includes **a grading based on combinations of a variety of**
18 **factors,** including various combinations of a credit report for the borrower,
19 *borrower income, borrower assets, borrower liabilities, property appraisal, title*
20 *report,* and whatever criteria a particular lender deems appropriate.") (bold
21 emphasis added by Mortgage Grader; italicized material omitted from Defendants'
22 quotation in their brief). Indeed, one specification passage cited by Defendants, but
23 not quoted, *contradicts* Defendants' requirement of lender specific underwriting
24 criteria, because it describes the use of industry standard, as opposed to lender
25 specific, criteria.[1] *See, e.g.,* '694 Patent, col. 4:41-48 ("The criteria need not be

---

[1] Defendants cite the '694 Patent, column 4 at line 34 through column 5 at line 14, but only quote from lines 34-41 in column 4. Dkt. 41 at 11.

1  inclusive of all lender's criteria. The mortgage credit evaluation system is
2  preferably based upon commonly used industry evaluation systems, including one
3  or more of Fannie Mae, Freddie Mac, F.H.A., V.A., Ginnie Mae, private mortgage
4  insurance companies, or combinations of those evaluation systems. It *could also* be
5  based upon individual lender's evaluation systems if those are different from the
6  above-mentioned systems.") (emphasis added). Defendants' efforts to read one
7  embodiment from the specification into this claim term should be rejected by the
8  Court. *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1286 (Fed. Cir.
9  2005) ("It is axiomatic that without more the court will not limit claim terms to a
10 preferred embodiment described in the specification.").

11     Defendants also rely on the prosecution history to support their proposed
12 construction. Dkt. 41 at 12-14. Defendants cite portions of an amendment dated
13 October 9, 2007, which amended the asserted claims and added terms that neither
14 party has proposed for construction. *Id.* at 12-13 (amendment adding the term "said
15 credit grading being distinct from a credit score of the borrower, and being based on
16 underwriting criteria used by at least some of the lenders.") These amendments are
17 specific claim limitations that have a plain meaning, but were not proposed for
18 construction by Defendants under the Court's Standing Patent Rules. These
19 separate limitations should not be imported into the broader term "credit grading,"
20 but rather should stand on their own, and because they were not proposed for
21 construction under the Court's Standing Patent Rules, be given a plain meaning.[2]

22     The second sentence of Defendants' proposed construction is a quote from
23 the prosecution history that Defendants are seeking to improperly import into the

---

[2] To be clear, Mortgage Grader does not contend that these extraneous limitations are not part of the claim, only that they need not be construed and should not be imported into the meaning of the term "credit grading." The full scope of each claim will stand on the totality of the limitations in the claim, including terms identified for construction, and those not so identified.

- 3 -

MORTGAGE GRADER'S
RESPONSIVE CLAIM CONSTRUCTION BRIEF
NO. 8:13-cv-00043 AG AN

1   claim. This sentence should not be imported into the claim construction because, at
2   best, it operates as an ambiguous explanation of claim scope. As explained in
3   Mortgage Grader's opening brief, "the doctrine of prosecution disclaimer only
4   applies to unambiguous disavowals." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335,
5   1341 (Fed. Cir. 2012). The second sentence in Defendants proposed construction is
6   ambiguous, as explained in Mortgage Grader's opening brief, thus should not
7   operate to disclaim or narrow the subject matter of the asserted claims, particularly
8   with respect to the phrase "analysis of a credit report." Dkt. 42 at 10.

### 2. The '728 Patent.

For the '728 patent, Defendants' specification citations again do not support the limitations that they seek to read into this claim term. Dkt. 41 at 18-19. Defendants seek to exclude "fixed" criteria – whatever that may be – from the claims. However, like their citations to the '694 patent specification, the cited specification passages from the '728 patent reflect a broad and flexible concept for credit grading, not the narrow and cramped construction limited to "variable" methods. The cited passages from the '728 patent explain that the concept of a "credit grading" is a flexible one that contemplates "one or more" of a variety of criteria being used to generate the credit grading. Dkt. 41 at 18-19. While these criteria certainly can be varied to match specific criteria provided by the lender, the specification passages cited by Defendants do not mandate that the claims be so limited. Indeed, as they did with the '694 patent, Defendants cite, but do not quote, a passage from the specification – identical to that quoted above at pages 2-3 – that reflects the use of industry standard criteria or individual lender criteria. *See, e.g.,* '728 Patent at 4:27-34.[3]

---

[3] For the '728 Patent, Defendants quote column 4, lines 20-27, but omits the additional material at lines 27-34.

1  So we return, again, to the prosecution history. Like the '694 patent,
2 Defendants take arguments and explanatory material related to other claim
3 limitations and, by their proposed constructions, attempt to read them into the
4 claim. Dkt. 41 at 19-20. The Court should reject Defendants' effort to read
5 sentences from the prosecution history into the claims.

6  First, as explained in Mortgage Grader's opening brief, the argument cited by
7 Defendants is directed not toward the broad term "credit grading" but rather to a
8 different term "selecting, based on said information regarding objectives of the
9 borrower, underwriting criteria to be used." Dkt. 42 at 12. This term was not
10 selected for construction, however, and thus the arguments should not be used to
11 limit the broad term "credit grading."

12  Compounding the problems with Defendants' proposed construction is their
13 effort to read an ambiguous sentence into the claim construction – an effort to
14 exclude processes "in which the criteria for generating the grading is fixed." Dkt.
15 41 at 19-20. What it means to be fixed, or not fixed, is not explained in the cited
16 prosecution history, and the Defendants, beyond quoting the sentence, do not
17 explain why this is, or should be so. *Id.* Does this statement require a different
18 underwriting concept for each lender? Is it sufficient for there to be different
19 underwriting principles depending on the nature of the loan, such as a purchase
20 mortgage vs. a refinance transaction? The amendment does not say, and thus is not
21 a clear and unambiguous disclaimer. Accordingly, this sentence should not limit
22 claim scope. *Grober*, 686 F.3d at 1341.

23  **B.     The Remaining Limitations.**

24  For the remaining limitations, Defendants contend that each disputed term
25 does not need construction and should be given its plain and ordinary meaning.
26 Dkt. 41 at 14-17; 20-21. They do this, in each case, through the application of an
27 identical form paragraph. Despite their initial statement that no construction is
28 necessary, Defendants proceed, in all cases, to provide a construction for each term.

*Id.* These proposed constructions are not the plain meaning of the terms, and are not compelled by disclaimers or redefinitions in the intrinsic record. Indeed, Defendants provide no support for their definitions other than a blanket reference to their citations in the Joint Claim Construction Statement. *Id.* All of Defendants' unsupported constructions should be rejected by the Court.

> **1. "None of the received personal information of the borrower is released to any of the lenders without specific authorization from the borrower" ('728 Patent, Asserted Claim 6).**

This term is representative of four terms that raise a common issue because Defendants took four similar terms and provided them with a common construction. Dkt. 41 at 16, 17, 20, and 21. In its opening brief, Mortgage Grader described these as the "exposure limitations." Dkt. 42 at 12-17.[4] No construction is necessary for this phrase, or the other exposure limitations, because they are made up of ordinary English words and the ordinary meaning can be well understood by a person skilled in the art without further elaboration. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*) ("In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words."). These phrases mean what they say, nothing more.

Defendants' construction introduces a requirement of anonymity into the claim term. This concept, however, is not part of the plain meaning of these terms. As explained in Mortgage Grader's opening brief, the word "anonymous" has a

---

[4] The other three terms are: "Selectively expose at least the personal loan evaluation information to the lender;" "without exposing any of said financial information of the borrower to any lender;" and "without exposing any personal information to any of the lenders."

1 well-understood meaning that relates to the disclosure or non-disclosure of an
2 individual's name. Dkt. 42 at 21-22, *citing* Dkt. 42-4, Kaufman Decl., Exh. 3.
3       The claims require personal information to be used with the claimed method
4 or system. This information can include, obviously, the person's name, as well as
5 their financial information. The limitation is met if any of the information provided
6 is given to the lender with the customer's approval. This can, but need not, include
7 revealing the person's name to the lender. In other words, the individual can
8 choose to provide their financial information, but not their name, and this claim
9 limitation will be met. In this scenario, the lender receives some information, but
10 the individual proceeds anonymously. Alternatively, they can expose all of their
11 information to the lender. This is an aspect of the invention described in
12 specification and dependent claims, which describe methods and systems where the
13 individual chooses to reveal financial information, but not their name, to the lender.
14 *See, e.g.,* '694 Patent, col. 13:26-44; claim 25 (transmitting financial data while
15 keeping user anonymous). Because these terms do not require "anonymity,"
16 Defendants' proposed constructions should be rejected.

17             **2.    "Loan Packages" ('694 Patent, Claims 1 and 19).**
18       Defendants' opening brief provides no explanation as to why the construction
19 of this term should include two limitations not found in any plain meaning of the
20 words loan packages.
21       Their first addition, requiring "guaranteed closing costs" is described by the
22 specification as an "optional" feature. Dkt. 42 at 18, citing '694 Patent, cols. 14:18-
23 19, 16:60-62. The Court should not import "optional" features from the
24 specification into the claim, and Defendants provide no explanation as to why this
25 should be so. *SanDisk Corp.*, 415 F.3d at 1286 ("It is axiomatic that without more
26 the court will not limit claim terms to a preferred embodiment described in the
27 specification."). Thus, the Court should not adopt this aspect of Defendants'
28 proposed construction.

1       Defendants' second additional limitation, which requires that the loan
2 package be identified without requiring the borrower to post a request to the lender,
3 has nothing to do with what a loan package is. A loan package is a "thing" –
4 nothing more. This aspect of Defendants' construction does not relate to what the
5 thing is, however, but rather relates to one aspect of how this particular thing can be
6 selected during the claimed method. Defendants do not explain why this process
7 limitation should be incorporated into the claim term, and the Court should not read
8 this limitation into the claim.

9,10       **3.   "Guaranteed closing cost information/guaranteed closing cost information for closing services not provided by the lender" ('694 Patent, Claim 19).**

11       These terms are found only in asserted claim 19 of the '694 patent. As
12 explained in its opening brief, Mortgage Grader does not dispute that the
13 guaranteed cost referenced in claim 19 must be for a service "not provided by the
14 lender." Dkt. 42 at 19. Defendants do not propose a construction beyond including
15 this statement. For the reasons set forth in Mortgage Grader's opening brief, the
16 Court should adopt Mortgage Grader's proposed construction of the "guaranteed
17 costs" term.

18       **4.   "Anonymous" ('694 and '728 Patents).**

19       As with the other "plain meaning" terms, Defendants offer no explanation or
20 justification for their construction of this term in either patent. Dkt. 41 at 15, 21.
21 As explained in Mortgage Grader's opening brief, "anonymous" is an adjective
22 with a well understood meaning and does not need to be construed. Dkt. 42 at 21-
23 22. Certainly, the Court should not adopt Defendants' long and convoluted
24 definitions of this ordinary word, especially given the absence of any explanation
25 justifying the construction.
26       In the '694 patent, Defendants' construction consists merely of a quotation of
27 passages from two asserted claims, one of which (claim 19) does not even include
28 the word "anonymous." Defendants' brief does not explain how the inventor

1 redefined this term in the specification, nor do Defendants identify any disavowal
2 of the ordinary meaning in either the specification or the prosecution history. Dkt.
3 41 at 16. Yet one of these is required to redefine a term. *Thorner v. Sony*
4 *Computer Entm't Am. LLC,* 699 F.3d 1362, 1365-66 (Fed. Cir. 2012). In the
5 absence of any explanation, Defendants' redefinition of this ordinary word should
6 be rejected.

7 Moreover, Defendants' proposed construction is inconsistent with the plain
8 language of claim 1. The cited language provides that the certain activities are done
9 "while remaining anonymous to each of the lenders and without having to post a
10 request to any of the lenders." This language suggests that the concepts of
11 "remaining anonymous" and not "having to post a request to any of the lenders" are
12 different concepts, not synonyms. The Court should reject Defendants' proposed
13 construction.

14 In the '728 patent, Defendants seek to import process limitations into the
15 definition of "anonymous." Dkt. 41 at 21. Again, Defendants provide no
16 explanation as to why "anonymous" should be redefined in this manner. *Id.* In the
17 absence of a clear and unambiguous redefinition of this word, Defendants
18 unsupported construction should be rejected.

19 **III. CONCLUSION.**

20 For the reasons set forth herein and in its Opening Claim Construction brief,
21 Mortgage Grader respectfully requests that the Court adopt its proposed claim
22 constructions.

23

24 Dated: March 21, 2014                    FREITAS TSENG & KAUFMAN LLP

25
                                            */s/Craig R. Kaufman*
26                                          Craig R. Kaufman
                                            Attorneys for Plaintiff
27                                          Mortgage Grader, Inc.
28